IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00381-REB-CBS

JAVIER MUNOZ-MARQUEZ,
    Applicant/Petitioner,
v.

WARDEN MILYARD,
    Respondent.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Petitioner Munoz-Marquez' "Petition for a Writ of Mandamus, Pursuant to 28 U.S.C. § 1361, § 1651(a) and an Order to Transfer Petitioner to Federal Custody, 28 U.S.C. 2241 [sic]" ("Motion") (filed August 2, 2007) (doc. # 14); and (2) Petitioner Munoz-Marquez' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (filed February 23, 2007) (doc. # 3). Pursuant to the Order of Reference dated April 5, 2007 (doc. # 10) and the memorandum dated August 3, 2007 (doc. # 15), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the Petition, Respondent's Answer (filed April 11, 2007) (doc. # 13), the entire case file, the exhibits, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Munoz-Marquez is currently serving a state sentence at the Sterling Correctional Facility ("SCF") in Sterling, Colorado. In his Petition, Mr. Munoz-Marquez alleges two claims essentially seeking the same relief. Mr. Munoz-Marquez alleges that he pled guilty to state charges in 2000, that he was serving a federal sentence when he was transferred to the State of Colorado for sentencing, that he was sentenced on the

state charges in 2005, and that the state sentence of seven years was to run concurrently to his federal sentence. (*See* Petition at p. 2). Mr. Munoz-Marquez asks this court to return [him] to the federal Department of Corrections so my sentence can be concurrent." (Petition at p. 2).

II  Standard of Review

Title 28 U.S.C. § 2241 may be used by federal and state prisoners to attack the execution of a sentence. *See Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000) (a state prisoner may bring a habeas action under § 2241 or § 2254); *McIntosh v. United States Parole Comm.*, 115 F.3d 809, 812 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence") (citation omitted). Section 2241 petitions are properly filed in the district in which the prisoner is confined. *Montez*, 208 F.3d at 866. "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 must first exhaust all state remedies. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (citing *Montez*, 208 F.3d at 866). "The exhaustion of state remedies includes both administrative and state court remedies." *Hamm*, 300 F.3d at 1216. Mr. Munoz-Marquez does not adequately allege and the record does not show that he exhausted his state remedies. (*See* Petition at p. 2). The Petition may properly be dismissed for failure to demonstrate exhaustion of state remedies.

Nevertheless, this case need not be decided based on the issue of exhaustion because it may be concluded more efficiently on the merits. *See Miller v. Mullin*, 354 F.3d 1288, 1297-98 (10th Cir. 2004) ("In the interest of judicial economy, [w]e need not and do

not address these issues, however, because the case may be more easily and succinctly [decided] on the merits.") (internal quotation marks and citations omitted), *cert. denied*, 543 U.S. 1154 (2005).

III.   Analysis

Records show that on August 14, 2000 Mr. Munoz-Marquez pled guilty in Jefferson County District Court to drug-related charges in Case No. 99CR323. (*See* Respondent's Exhibit A (doc. # 13-2) at p. 2 of 2). Before he was sentenced in the Jefferson County case, Mr. Munoz-Marquez was transferred to federal custody. On November 9, 2004, Mr. Munoz-Marquez pled guilty to a drug-related charge in the U.S. District Court for the District of Colorado in Case No. 03-CR-179-WM. On February 3, 2005, Mr. Munoz-Marquez received a federal sentence of 84 months imprisonment and 5 years of supervised release. Judgment of conviction was entered on February 25, 2005.

While Mr. Munoz-Marquez was serving his federal sentence, the State of Colorado removed him from federal custody for sentencing in the Jefferson County case. On April 8, 2005, Mr. Munoz-Marquez was sentenced to seven years imprisonment in the Colorado Department of Corrections, with 653 days credit for time served, to be served concurrently to his 84-month federal sentence. (*See* Respondent's Exhibit A (doc. # 13-2) at p. 1 of 2). However, the federal sentence specifically indicates that it is to be served consecutive to the state sentence. (*See* Respondent's Exhibit B (doc. # 13-3) at p. 1 of 2 ("Remarks/Special Instructions: 84 months federal sentence consecutive to DOC")).

Any claim of "state law violations are not cognizable in a federal habeas action." *Montez*, 208 F.3d at 865 (citing 28 U.S.C. § 2241(c)(3), § 2254(a)). Thus, to the extent that Mr. Munoz-Marquez is alleging a violation of state law, his Petition does not raise a cognizable claim.

Mr. Munoz-Marquez' Petition also fails to the extent that it is alleging a violation of

federal law. Here, the U.S. District Court ordered that the sentence imposed in Case No. 03-CR-179-WM run consecutively with the state sentence that had not yet been imposed. While the state court specified that the state sentence should run concurrently with the federal sentence, such determination is not binding on federal authorities. *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005) (citations omitted). The federal court has directed that Mr. Munoz-Marquez serve his federal sentence consecutive to his state sentence. (*See* Respondent's Exhibit B (doc. # 13-3) at p. 1 of 2). The Tenth Circuit Court of Appeals has specifically found there is no prohibition on a district court "ordering that a federal sentence be served consecutively to a state sentence that has not yet been imposed." *United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995). "If the prisoner has violated the law of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him." *Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir. 1957). As Mr. Munoz-Marquez has not demonstrated a violation of the Constitution or federal law, the Petition is properly dismissed with prejudice.

Accordingly, IT IS RECOMMENDED that:

1. Petitioner Munoz-Marquez' "Petition for a Writ of Mandamus, Pursuant to 28 U.S.C. § 1361, § 1651(a) and an Order to Transfer Petitioner to Federal Custody, 28 U.S.C. 2241 [sic]" (filed August 2, 2007) (doc. # 14) be DENIED;

2. The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (filed February 23, 2007) (doc. # 3) be DENIED;

3. This civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The District Judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the recommendations or findings made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its

right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 6th day of August, 2007.

BY THE COURT:


s/Craig B. Shaffer
United States Magistrate Judge